UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Emose Oceant                                    No. 2:19-cv-323-FtM-PAM-MRM

        Petitioner,

v.                                              **MEMORANDUM AND ORDER**

Secretary, Department of Corrections,

        Respondent.

---

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  For the following reasons, the Petition is denied.

**BACKGROUND**

Petitioner Emose Oceant was first charged by information with one count of aggravated child abuse-malicious punishment for treatment of five of her seven children. Her first trial, starting July 28, 2009, resulted in a mistrial.  The state then filed a new information, amended only to identify the genders of two of the children.  On October 7, 2009, after her second trial, a jury found Oceant guilty of the charged offenses.  In preparation for sentencing, and without a court order, trial counsel had Oceant examined for competency.  This exam found Oceant incompetent.  As a result, trial counsel sought a court-ordered competency exam.  The trial court granted the request and on April 16, 2010, after an expert evaluation, found Oceant incompetent to be sentenced.  On October 18, 2010, however, the trial court found Oceant competent, and on December 20, 2010, sentenced her to 30 years in state prison.

Oceant filed a timely notice of direct appeal of her conviction and sentence. Oceant's attorney filed an <u>Anders</u> brief directing the appellate court to three possible issues: (1) the sufficiency of the evidence, (2) her competency during trial, and (3) sentencing error.  See <u>Anders v. California</u>, 386 U.S. 738 (1967).  The appellate court allowed for a pro se brief to argue the issues, but Oceant did not file a brief.  The appellate court affirmed her conviction and sentence on May 4, 2012.  <u>Oceant v. State of Florida</u>, 108 So.3d 1095 (Fla. Dist. Ct. App. 2012) (table).

On August 10, 2012, Oceant filed a motion for postconviction relief in state court alleging trial error for trying her while she was incompetent, ineffective assistance of counsel for (1) allowing Oceant to be tried and convicted while incompetent, (2) failing to move for a judgment of acquittal, (3) failing to have an interpreter present during the presentence investigation, (4) failing to investigate mitigating circumstances, (5) failing to prepare character witnesses, and (6) failing to use a translator during testimony.  The state postconviction court granted an evidentiary hearing on her first claim for ineffective assistance, then dismissed her claim of error and denied all remaining grounds in an order issued on June 10, 2018.  The Florida Second District Court of Appeal affirmed on April 17, 2019.  <u>Oceant v. State of Florida</u>, 268 So.3d 691 (Fla. Dist. Ct. App. 2019) (table).

Oceant's instant Petition alleges ineffective assistance of counsel for allowing her to be tried and convicted while incompetent and that her Due Process rights were violated because she was tried and convicted while incompetent.  The State concedes that Oceant's petition was timely filed.  State's Resp.  (Docket No. 15 at 14).

**DISCUSSION**

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 limits a federal court's power to review habeas petitions brought by people held in state custody. Cullen v. Pinholster, 563 U.S. 170, 181 (2011). AEDPA restricts the Court's review to state court adjudications of the direct appeal or habeas petition that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The factual findings of a state court are presumed to be correct and may be rebutted only through clear and convincing evidence presented by a petitioner. Id. § 2254(e)(1).

**A.     Ineffective Assistance of Counsel**

Oceant can succeed on her ineffective-assistance-of-counsel claim only if she can show that the trial court or appellate court's determination of the facts surrounding her claims was unreasonable. Id. § 2254(d). Thus, she must establish both that her counsel was ineffective and that it was unreasonable for the court reviewing her claims to conclude otherwise. Oceant must demonstrate "that h[er] counsel's performance was objectively unreasonable by professional standards and that she was prejudiced as a result of the poor performance." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To show prejudice, Oceant "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford

v. Visciotti, 537 U.S. 19, 22 (2002) (quotations omitted). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689, 697).

Oceant alleges that trial counsel was ineffective for allowing her to be tried and convicted while incompetent. To prevail on this claim, Oceant must establish that her trial counsel had cause to believe that Oceant did not have "present ability to consult with [her] lawyer with a reasonable degree of rational understanding" of the proceedings against her. Dusky v. United States, 362 U.S. 402, 402 (1960). But both trial counsel and Oceant testified to facts at the postconviction evidentiary hearing that refute any such cause. Trial counsel testified that Oceant obeyed the court's bond restrictions, showed up to their meetings on time, asked and answered questions, provided defense witnesses, discussed discovery, and gave explanations for the allegations against her. (Evid. Hr'g Tr. (App'x 3) at 563-68.) Oceant testified that she discussed specific allegations with trial counsel, that the charges were explained to her, that she provided innocent explanations for the allegations, and that she understood the interpreter. (Id. at 591-96.) In addition, the psychiatrist who conducted Oceant's competency evaluations after her conviction testified that being able to give explanations for charges against oneself is an indication of having general appreciation of those charges. (Id. at 612.) The state postconviction court found that these facts did not establish cause for a reasonable basis of incompetency, but instead showed that Oceant was able to appreciate the charges against her. (State Postconviction Order (App'x 3) at 650-52); Strickland, 466 U.S. at 687-89. This Court agrees with that

4

determination.  Strickland, 466 U.S. at 687-89.  Moreover, this determination is not an unreasonable application of the facts presented to the state court.  This claim fails.

**B.     Fourteenth Amendment Due Process Violation**

The Due Process Clause of the Fourteenth Amendment prohibits states from trying and convicting incompetent individuals.  See Pate v. Robinson, 383 U.S. 375, 378 (1966) (conviction of legally incompetent persons violates due process).  A petitioner raising a substantive competency claim is entitled to no presumption of incompetency; they must demonstrate incompetency by a preponderance of the evidence, and they must show an "inability to assist counsel or understand the charges."  Medina v. Singletary, 59 F.3d 1095, 1106-07 (11th Cir. 1995) (quotation omitted).  In addition, "[a] presumption of correctness attaches to a state court's finding of competence and a federal habeas court must determine that the finding is not 'fairly supported by the record' before it may overturn the state court's decision."  Id. at 1106 (quoting Maggio v. Fulford, 462 U.S. 111, 117 (1983)).

Oceant alleges that the she was tried and convicted while incompetent in violation of her due-process rights.  But as previously discussed, Oceant's testimony at the evidentiary hearing demonstrated that she appreciated and discussed the allegations against her during trial. (Evid. Hr'g Tr. at 591-96.)  Oceant was able to respond to the allegations against her and trial counsel was not on notice of her medical history.  (Id. at 547, 591-96.)  The preponderance of the evidence in the record supports the state court's determination.  Singletary, 59 F.3d at 1106-07.  This claim fails.

### C.     Certificate of Appealability

Oceant is required to secure a Certificate of Appealability before appealing the dismissal of her habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The prisoner must establish that the resolution of her constitutional claims "was debatable among jurists of reason." Lott v. Att'y Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010).

Oceant has not demonstrated that her claims are debatable or that they "deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. The Court will therefore not grant a Certificate of Appealability.

**CONCLUSION**

Oceant is not entitled to federal habeas relief. Accordingly, **IT IS HEREBY ORDERED that**:

1. Oceant's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;
2. A Certificate of Appealability will not issue; and

3. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated:   August 19, 2020

                                          *s/Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge